UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES WALLIS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN T. SHOLLY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CV-283-TAV-JEM |

## ORDER AND REPORT & RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 9] and his Complaint for Violation of Civil Rights [Doc. 2]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 9**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Complaint for lack of jurisdiction.

### I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), with the required detailing of his financial condition [Doc. 9].[1] Jefferson County Sherriff's Office provided notice of his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2)

[1] Plaintiff originally filed his application on June 16, 2026 [Doc. 1]. After reviewing the application, the Court ordered Plaintiff to resubmit his application due to deficiencies therein [Doc. 8]. Plaintiff thereafter filed a corrected application [Doc. 9]. The Court **DENIES AS MOOT** the first application [Doc. 1].

[Doc. 11]. Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $38.33. The Application and Certificate demonstrate that Plaintiff has little income and few assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 9**].

Because Plaintiff is an inmate in the Jefferson County Jail, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court also **DIRECTS** the Clerk to forward a copy of this order to the Court's financial deputy. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff utilized the form complaint for civil rights violations pursuant to 42 U.S.C. § 1983 [Doc. 2]. Plaintiff names John T. Sholly, a public defender, as the defendant [*Id.* at 3]. According to Plaintiff, on November 11, 2025, he was charged with several counts of grand theft [*Id.* at 4]. Plaintiff alleges Defendant's failure to appear at the scheduled hearing on June 1, 2026, and subsequent failure to have the case heard before a judge on June 2, 2026, resulted in Plaintiff's inability to enter a guilty plea [*Id.* at 4]. Plaintiff states that he "agreed to 180 days" and would like to go on with his life [*Id.*]. For relief, Plaintiff seeks the ability to attend his court hearing "as soon as possible" because he has "a bed waiting on [him] at Safe Harbor" [*Id.* at 5].

### B. Screening of the Complaint

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Courts have uniformly held that private attorneys are not state actors who can be sued under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (finding that a private attorney who is appointed by the court does not act under color of state law (citation omitted), *abrogated on other grounds by McCloskey v. City of Pontiac*, No. 05-73936, 2007 WL 325341 (E.D. Mich. Jan. 31, 2007)); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983." (citations omitted)). Thus, Plaintiff cannot bring suit against his attorney under § 1983.

Even though Plaintiff used the form for commencing a federal civil rights action, it appears Plaintiff alleges legal malpractice. As with all claims, the Court must determine whether it has subject matter jurisdiction over Plaintiff's claim. *See Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)); *Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("[A] district court may *sua sponte* dismiss an action when it lacks subject-matter jurisdiction." (citation

omitted)). "Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). A plaintiff must affirmatively allege the facts showing the existence of jurisdiction in the Complaint. *See Wolfe v. Rushmore Loan Mgmt. Servs.*, No. 3:20-CV-615, 2020 WL 7345657, at *2 (W.D. Ky. Dec. 14, 2020); Fed. R. Civ. P. 8(a)(1).

There is no federal question jurisdiction here. Federal courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But the Court has determined that Plaintiff fails to state a claim under § 1983, and a claim for legal malpractice is a claim that arises under Tennessee state law, not federal law. *See Cullen v. Frenz*, No. 2:22-cv-3932, 2023 WL 180076, at *4 (S.D. Ohio Jan. 13, 2023) (explaining that legal malpractice claims "are a state matter, rather than a federal matter" (citation omitted)).

There is also no diversity jurisdiction here. Federal courts have jurisdiction when there is diversity of citizenship, meaning the parties are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists where (1) the plaintiff is a citizen of one state and all of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). Plaintiff has not alleged facts to show that diversity of citizenship exists in this case. Based on the allegations in the Complaint, and reasonable inferences from those allegations, both Plaintiff and Defendant are citizens of Tennessee [*See* Doc. 3 p. 3].[2]

---

[2] It is presumed that a prisoner retains his prior citizenship while incarcerated. *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *see also Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Plaintiff included a Tennessee home address

### C. Amendment

The Court has considered whether to allow Plaintiff to amend his Complaint. But justice does not require allowing him to do so because the Court is without authority to hear his case.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 9**]. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as provided above. No process shall issue, however, until the District Judge has ruled upon this Report and Recommendation,[3] because the undersigned **RECOMMENDS**[4] that the Complaint [Doc. 2] be **DISMISSED** in its entirety for lack of jurisdiction.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[*see* Doc. 2 p. 3], and he is incarcerated in Tennessee [*id.*]. There is nothing in the Complaint to suggest that he is a citizen of any state other than Tennessee.

[3] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).